1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  PATRICK JAMES FARMER,

11          Plaintiff,                No. CIV S-11-2893 JAM GGH P

12      vs.

13  TED LOOS, et al.,

14          Defendants.              ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding pro se.[1]  He seeks relief pursuant to 42

17  U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18  pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19  § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22  \\\\\

23  _____

24          [1] Plaintiff was housed at Shasta County Jail, awaiting transfer to High Desert State
    Prison, after having been sentenced to a state prison term of eleven years and four months at the
    time of filing this complaint on November 2, 2011.  When new case documents mailed to
25  plaintiff were returned, plaintiff was ordered to notify the court of any address change by order,
    filed on Nov. 29, 2011.  Plaintiff filed a notice of change of address to High Desert State Prison
26  on December 22, 2011.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a

1  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

2  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

3  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

4  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

5  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

6  that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." Id.

8         In reviewing a complaint under this standard, the court must accept as true the

9  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

10  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

11  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

12  1843 (1969).

13         Plaintiff names as defendant Ted Loos of the Shasta County Public Defenders

14  Office.  Plaintiff, who states that he is developmentally disabled, alleges that he has "been the

15  victim of discrimination, legal malpractice and conspiracy to violate [his] civil rights."

16  Complaint, p. 4.[2]  Plaintiff states that initially he was charged with criminal threats, corporal

17  injury and assault, but that, on the day of trial these charges were dismissed and new charges

18  brought, including a charge of rape.  Id.  Plaintiff alleges that he had evidence against the belated

19  rape charge but his counsel, who assured him that he would present the evidence at trial, failed to

20  do so.  Id., at 5.  Plaintiff alleges that defendant Loos did not pay attention at trial, failed to object

21  "to the biased and prejudicial statements of the judge and prosecution," did not bring out

22  exculpatory evidence, refused plaintiff trial transcripts for the appeal.  Id.  He claims that false

23  testimony was coerced and that he was "punished for not taking a deal" to a long sentence in

24  prison.  Id., at 5-6.  He contends that his life has been threatened due to the nature of the charges

25

26         [2] The court's electronic pagination is referenced.

3

1   and press coverage, asks for law library access and assistance due to his disability in accordance

2   with the Americans with Disabilities Act and asks the court to stay the execution of his sentence.

3   Id., at 6.  Plaintiff asks for compensatory and punitive money damages against defendant Loos

4   and alleges that he conspired with the trial judge, prosecutor, the Public Defender's Office and

5   the Shasta County Jail to deprive plaintiff of his First, Fifth, Sixth, Eighth, Thirteenth and

6   Fourteenth Amendment rights.  Id., at 6-7.  Plaintiff appends declarations of other inmates

7   complaining about the alleged deficiencies of defendant Loos and of the Shasta County Public

8   Defenders generally and of actions taken by the Shasta County District Attorney's Office.  Id., at

9   15-22.

10           Plaintiff essentially alleges a wrongful conviction and seeks release from custody.

11  Plaintiff may not obtain the form of injunctive relief he seeks in this action in the form of a stay

12  of execution of his sentence or release from custody.  To seek such relief, he must file an action

13  pursuant to 28 U.S.C. § 2254.

14             Federal law opens two main avenues to relief on complaints related
              to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,

15             and a complaint under the Civil Rights Act of 1871, Rev. Stat.
              1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of

16             any confinement or to particulars affecting its duration are the
              province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,

17             500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
              turning on circumstances of confinement may be presented in a §

18             1983 action.

19  Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

20           To the extent he seeks money damages, plaintiff may not proceed in a civil rights

21  action for alleged violations of his constitutional rights by his counsel or the district attorney's

22  office or any other party in the conduct of his criminal case without first obtaining a reversal of

23  his conviction and sentence.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an

24  Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state

25  and county officials violated his constitutional rights, he sought damages for improprieties in the

26  investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

4

1  ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

2  charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

3  custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

4  complaint and held that:

5          in order to recover damages for allegedly unconstitutional
           conviction or imprisonment, or for other harm caused by actions
6          whose unlawfulness would render a conviction or sentence invalid,
           a § 1983 plaintiff must prove that the conviction or sentence has
7          been reversed on direct appeal, expunged by executive order,
           declared invalid by a state tribunal authorized to make such
8          determination, or called into question by a federal court's issuance
           of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
9          bearing that relationship to a conviction or sentence that has not
           been so invalidated is not cognizable under 1983.

10

11  Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

12  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

13  conviction or sentence has been invalidated, expunged or reversed.  Id.

14          As to any claim against his public defender, defendant Loos, or the public

15  defender's office, to the extent plaintiff might at some point seek to proceed against him or the

16  Shasta County Public Defender's Office in a § 1983 action, plaintiff is informed that it has been

17  determined that public defenders do not act under color of state law for purposes of § 1983

18  "when performing a lawyer's traditional functions as counsel to a defendant in a criminal

19  proceeding."  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981).  Any claim of

20  legal malpractice against defendant Loos is one that would be governed by state tort law and does

21  not come within the province of a federal civil rights action.  See, id.

22          This complaint must be dismissed.  Although the court cannot discern how

23  plaintiff might cure the defects of the complaint, the court will grant plaintiff leave to amend.

24          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

25  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

26  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

5

1  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

2  there is some affirmative link or connection between a defendant's actions and the claimed

3  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

4  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

5  vague and conclusory allegations of official participation in civil rights violations are not

6  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This is because, as a

10  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

11  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14         In accordance with the above, IT IS HEREBY ORDERED that:

15         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

18  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

19  Director of the California Department of Corrections and Rehabilitation filed concurrently

20  herewith.

21         3.  The complaint is dismissed for the reasons discussed above, with leave to file

22  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

23  file an amended complaint will result in a recommendation that the action be dismissed.

24  DATED: February 16, 2012

25                          /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

26  GGH:009 - farm2893.b